## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PAUL TALEV, et al., | ) | CASE NO. 5:13CV2570 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN MALIVUK, et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is defendants' motion to dismiss brought under Fed. R. Civ. P. 12(b)(1) and (b)(6) (Doc. No. 15), plaintiffs' memorandum in opposition (Doc. No. 16), and defendants' reply (Doc. No. 17). For the reasons discussed briefly herein, the motion is denied.

### I. BACKGROUND

On November 20, 2013, plaintiffs filed a complaint alleging federal question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. §§ 2520 & 2511. The gravamen of plaintiffs' complaint is that, during times they were employed by defendant Summit Testing & Inspection Company, whose sole or primary shareholder is defendant John Malivuk, Malivuk secretly recorded them while they used the bathroom and, thereafter, posted the images and/or videos to the internet.

The complaint sets forth ten causes of action, including not only state law claims relating to invasion of privacy and other torts, but also claims brought under federal criminal wiretapping statutes that provide for recovery of civil damages by "any person whose wire, oral,

or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter[.]" 18 U.S.C. § 2520(a). Plaintiffs allege that, while in their employer's bathroom, they occasionally made personal calls on their cellular telephones, and these calls were intercepted in the process of the secret taping.

## II. DISCUSSION

### A.      Standard on a Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), can challenge either the sufficiency of the complaint itself (a facial attack) or the factual existence of subject matter jurisdiction (a factual attack). *Cartwright v. Garner*, No. 12-6314, 2014 WL 1978242, at *6 (6th Cir. May 16, 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). If the attack is facial, the court takes all the factual allegations in the complaint as true, and if the allegations establish federal claims, then jurisdiction exists. *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013); *Coast Candidates PAC v. Ohio Elections Comm'n*, 543 F. App'x 490, 493-94 (6th Cir. 2013). If the challenge is factual, the court can weigh evidence to confirm the factual predicate for subject matter jurisdiction. *Amburgey*, 733 F.3d at 636. Either way, plaintiff bears the burden of establishing subject matter jurisdiction. *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011).

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not

require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B.      Discussion**

Defendants do not specify the basis on which they attack the complaint. Rather, they argue that dismissal is proper because "[t]he only claims that present a federal question are those relating to wiretapping [and] [a]ll remaining claims can be addressed in state court." (Motion at 81.) They further suggest that dismissal would be proper because the federal claim was "made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." (*Id*. at 82 [quoting *Kulick v. Downs Racing Ass'n*, 816 F.2d 895, 898 (3d Cir. 1987) (additional citation omitted)].)[1] In defendants' view, "plaintiffs have failed to present a claim that

---

[1] The motion also devotes an inordinate amount of attention to the notion of the "amount in controversy," which is applicable only where a complaint is based on diversity jurisdiction. Clearly that does not apply here and need not be addressed.

is, at its heart, a federal question." (*Id.* at 85.) They even assert that "[p]laintiffs have failed to present any fact that warrants their federal claims." (*Id.*)

In opposition, plaintiffs argue that they have pled: "three causes of action under federal wiretapping laws[ ]" (Opp'n at 89 [citing 18 U.S.C. § 2520(a)]); "that they both had cell phone conversations (oral communications) in Defendant Summit Testing & Inspection Company's bathroom that were intercepted and recorded by Defendant Malivuk on a video camera with audio recording capabilities[ ]" (*id.* [citing Compl. ¶¶ 12, 15, 16, 18]); and "that the camera or its components were shipped through interstate commerce and the site of the recording was at a business affecting interstate commerce[ ]" (*id.* [citing Compl. ¶¶ 8, 19]). Finally, plaintiffs argue that their federal claim under the wiretapping statute is "substantial and meritorious[,]" as well as "plausible and provable." (*Id.* at 90, 91.)

In reply, defendants argue that plaintiffs "have no fact[s]" to support allegations in the complaint "that a hard drive contained a bit torrent log file and that video recordings were transferred to another computer via the internet[ ]" or that "[d]efendants have benefitted financially by the alleged transfer of files[ ]" or that "[d]efendants transferred the video files from the camera to the hard drive and then on to other computers via the internet[ ]" or that "any other human person has viewed the offending files." (Reply at 94-95.) Essentially this is no more than an argument that the complaint must be dismissed because, in defendant's view, plaintiffs cannot *prevail*.

Having considered the parties respective arguments, the Court concludes that the complaint *alleges* sufficient facts to establish subject matter jurisdiction, surviving the Rule 12(b)(1) motion. Further, plaintiffs have clearly stated a claim for relief under the federal wiretapping statute sufficient to survive a Rule 12(b)(6) motion. Admittedly, it remains to be

seen whether plaintiffs will be able to *prove* their claims, but that is not the Court's concern at this juncture. In addition, although plaintiffs have, indeed, alleged several state law claims, defendants have not asked this Court to dismiss any of them under 28 U.S.C. § 1367(c) and, in any event, it would be premature to do so.

### III. CONCLUSION

For the reasons set forth herein, defendants' motion to dismiss (Doc. No. 15) is **DENIED**. The Court will, by separate order, schedule the Case Management Conference.

**IT IS SO ORDERED**.

Dated: August 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5